

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OTTER PRODUCTS, LLC and TREEFROG DEVELOPMENTS, INC., | Case No. 17-cv-06009 |
| Plaintiffs, | **Judge Thomas M. Durkin** |
| v. | **Magistrate Judge Susan E. Cox** |
| DONGGUAN CHENGCHUN ELECTRONIC TECH CO., LTD., et al., | |
| Defendants. | |

## SEALED TEMPORARY RESTRAINING ORDER

THIS CAUSE being before the Court on Plaintiffs Otter Products, LLC's ("OtterBox") and Treefrog Developments, Inc.'s ("Treefrog") (together, "Plaintiffs") *Ex Parte* Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery, and Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) (the "Motions") against the defendants identified in Schedule A to the Amended Complaint and attached hereto (the "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Online Marketplace Accounts"), and this Court having heard the evidence before it hereby GRANTS Plaintiffs' Motions in their entirety.

This Court further finds that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet stores through which Illinois residents can purchase products using counterfeit versions of Plaintiffs' Trademarks (a list of which is included in the below chart).

| Registration No. | Mark | Date of Registration | International Classes |
|---|---|---|---|
| 3,623,789 | DEFENDER SERIES | May 19, 2009 | For: Protective cases for interactive, handheld electronic devices, namely, portable music players, portable video players and tablet computers in class 009. |
| 3,788,534 | OTTERBOX | May 11, 2010 | For: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers in class 009. |
| 3,788,535 | OTTER BOX | May 11, 2010 | For: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers in class 009. |
| 3,791,318 | (otter design) | May 18, 2010 | For: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers in class 009. |
| 3,865,367 | WE'VE GOT TECHNOLOGY COVERED | October 19, 2010 | For: Protective cases for interactive, handheld electronic devices namely, portable music players, portable video players, phones and computers; protective carrying cases specially adapted for portable music players, portable video players, phones and computers in class 009. |
| 3,963,182 | COMMUTER SERIES | May 17, 2011 | For: Protective cases for handheld electronic devices, |

| | | | |
|---|---|---|---|
| | | | namely, multifunctional mobile phones, portable music players, portable video players and computers in class 009. |
| 4,372,399 | MADE FOR ADVENTURE | July 23, 2013 | For: Protective covers and cases for handheld electronic devices, namely, cell phones, portable media players, tablets, personal digital assistants, e-book readers, and computers; protective covers and cases for computers in class 009. |
| 4,372,400 | MADE FOR ACTION | July 23, 2013 | For: Protective covers and cases for handheld electronic devices, namely, cell phones, portable media players, tablets, personal digital assistants, e-book readers, and computers; protective covers and cases for computers in class 009. |
| 4,602,221 | **OTTERBOX** | September 9, 2014 | For: Protective covers and cases for handheld electronic devices, namely, cell phones, portable media players, tablets, personal digital assistants, e-book readers, and computers; protective covers and cases for computers in class 009. |
| 4,616,874 | DEFENDER SERIES | October 7, 2014 | For: Protective covers and cases for personal electronic devices, namely, cell phones in class 009. |
| 4,057,201 | LIFEPROOF | Nov. 15, 2011 | For: accessories for electronic goods and communications apparatus, namely, protective housings, carrying cases, cases and covers for portable electronic goods and communications apparatus, namely, cell phones, lap tops, tablet computers for ebook, magazine and newspaper |

| | | | |
|---|---|---|---|
| | | | reading, and portable media players in class 009. |
| 4,285,129 | LET'S GO! | Feb. 5, 2013 | For: Protective covers specially adapted for personal electronic devices and communications apparatus, namely, cell phones, lap tops, tablet computers for Ebook, magazine and newspaper reading, and accessories for cell phones, lap tops, and tablet computers for Ebook, magazine and newspaper reading, namely, belt clips, bar mounts and mount adapters, armbands, and headphone adapters in class 009.<br><br>For: On-line retail store services featuring protective covers and accessories for personal electronic devices in class 035. |
| 4,301,438 | [design mark] | Mar. 12, 2013 | For: Protective covers specially adapted for personal electronic devices, and accessories for personal electronic devices, namely belt clips, bar mounts and mount adapters, armbands, and headphone adapters in class 009.<br><br>For: On-line retail store services featuring protective covers and accessories for personal electronic devices in class 035. |
| 4,519,288 | LIFEPROOF | April 22, 2014 | For: Protective cases, carrying cases, casings, and covers for portable electronic devices, namely, cell phones, portable media players, electronic tablets, electronic book readers, and laptop computers; cases and holsters specially adapted for holding or carrying mobile electronic devices, namely, |

| | | | |
|---|---|---|---|
| | | | mobile phones, electronic tablets, electronic book readers; accessories specifically adapted for mobile electronic devices, namely, belt clips, shoulder straps, or hand straps sold as a unit with the bags, cases, and holsters in class 009. |
| 4,397,480 | FRĒ | September 3, 2013 | For: Protective covers specially adapted for personal electronic devices, and accessories for personal electronic devices, namely, belt clips, bar mounts and mount adapters, armbands, and headphone adapters in class 009. |
| 4,520,890 | LIFEPROOF | April 29, 2014 | For: Protective cases, carrying cases, casings, and covers for portable electronic devices, namely, cell phones, portable media players, electronic tablets, electronic book readers, and laptop computers; cases and holsters specially adapted for holding or carrying mobile electronic devices, namely, mobile phones, electronic tablets, electronic book readers; accessories specially adapted for mobile electronic devices, namely, belt clips, shoulder straps, and hand straps in class 009. |
| 4,522,877 | | April 29, 2014 | For: Protective cases, carrying cases, casings, and covers for portable electronic devices, namely, cell phones, portable media players, electronic tablets, electronic book readers, and laptop computers; cases and holsters specially adapted for holding or carrying mobile electronic devices, namely, |

|  |  |  | mobile phones, electronic tablets, electronic book readers; accessories specifically adapted for mobile electronic devices, namely, belt clips, shoulder straps, or hand straps sold as a unit with the bags, cases, and holsters in class 009. |
|---|---|---|---|

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiffs have presented specific facts in the Declaration of Kevin S. McPherson, paragraphs 29-35, and the Declaration of Justin R. Gaudio in support of Plaintiffs' Motion for Temporary Restraining Order [13], paragraphs 5-8, and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movants before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would modify content and move any assets from accounts in U.S.-based financial institutions, including PayPal accounts, to offshore accounts. *Id.* As other courts have recognized, proceedings against those who deliberately traffic in counterfeit merchandise are often useless if notice is given to the adverse party. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

    a. using Plaintiffs' Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine OtterBox or

       LifeProof Product or not authorized by Plaintiffs to be sold in connection with Plaintiffs' Trademarks;

  b. passing off, inducing, or enabling others to sell or pass off any product as a genuine OtterBox or LifeProof Product or any other product produced by Plaintiffs, that is not Plaintiffs' or not produced under the authorization, control or supervision of Plaintiffs and approved by Plaintiffs for sale under Plaintiffs' Trademarks;

  c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

  d. further infringing Plaintiffs' Trademarks and damaging Plaintiffs' goodwill; and

  e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any of Plaintiffs' trademarks, including the Plaintiffs' Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the Online Marketplace Accounts or other online marketplace accounts operated by Defendants, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress and Alibaba, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the

"Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiffs expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplace Accounts and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts;

c. Defendants' Online Marketplace Accounts;

d. any other online marketplace accounts registered by Defendants; and

e. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Plaintiffs' request, those in privity with Defendants and those with notice of the injunction, including the Third Party Providers as defined in Paragraph 2, shall within five (5) business days after receipt of such notice:

   a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the Plaintiffs' Trademarks;

   b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiffs' Trademarks; and

   c. take all steps necessary to prevent links to the Online Marketplace Accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Online Marketplace Accounts from any search index.

4. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. PayPal, Inc. ("PayPal") shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts:

   a. locate all accounts and funds connected to Defendants or Defendants' Online Marketplace Accounts, including, but not limited to, any PayPal accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 6 to the Declaration of Kevin S. McPherson, and any e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds that are not U.S. based from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Plaintiffs may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed. R. Civ. P. 4(f)(3), by electronically publishing a link to the Amended Complaint, this Order and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 6 to the Declaration of Kevin S. McPherson and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of the Court is directed to issue a single original summons in the name of "DONGGUAN CHENGCHUN ELECTRONIC TECH CO., LTD and all other Defendants identified in the Amended Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiffs' Amended Complaint [10] and Exhibits 1, 2 and 3 thereto [10-1, 10-2, 10-3], Schedule A to the Complaint [9] and the Amended Complaint [10-4], Exhibit 6 to the Declaration of Kevin S. McPherson [15], and this Order shall remain sealed until further ordered by this Court.

8. Plaintiffs shall deposit with the Court ten thousand dollars ($10,000.00), either cash or surety bond, as security, which amount was determined adequate for the payment of such

damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiffs or on shorter notice as set by this Court.

10. This Temporary Restraining Order without notice is entered at 9:03 A.M. on this 23rd day of August 2017, and shall remain in effect for fourteen (14) days.

_____
U.S. District Court Judge Thomas M. Durkin

Otter Products, LLC, et al. v. Dongguan Chengchun Electronic Tech Co., Ltd., et al.
Case No. 17-cv-06009

# Schedule A

| No. | Defendant Name / Alias | No. | Defendant Name / Alias |
|---|---|---|---|
| 1 | Dongguan Chengchun Electronic Tech Co., Ltd. | 2 | Dongguan Pengxiang Plastic Mold Product Co., Ltd. |
| 3 | Guangzhou Apex Electronic Technology Co., Limited | 4 | Guangzhou Ixiangzhe Leather Case Co., Ltd. |
| 5 | Guangzhou Qialino Trading Co., Ltd. | 6 | Shenzhen Jencent Electronics Technology Co., Ltd. |
| 7 | Shenzhen Xin Hongli Plastic Electronics Co., Ltd. | 8 | KINGCASE (HK) TECHNOLOGY CO., LIMITED |
| 9 | 2012buy-from-us | 10 | 8cn6365 |
| 11 | chellin2014 | 12 | digitalzone88 |
| 13 | gimipower | 14 | goodluckybead |
| 15 | greensummon_v | 16 | greenworld2014 |
| 17 | hotgadgetbay | 18 | irene918 |
| 19 | jiande25 | 20 | kakyo2016 |
| 21 | kingwholestore | 22 | lbsphone |
| 23 | lifeng2017z_8 | 24 | loveyangna7758 |
| 25 | lovezhao2013 | 26 | lsyphone |
| 27 | pearlstore2011 | 28 | pricekiller_2k |
| 29 | szsmmkj2016-lin | 30 | tinxi-clothes |
| 31 | tksmall | 32 | us-dbb-top |
| 33 | valuechoicemall2016 | 34 | weidandan1208 |
| 35 | woainitaitong | 36 | xenogard |
| 37 | xxxmall | 38 | yanghuiming77582014 |
| 39 | yhxgreg | 40 | yjpsky |
| 41 | yinhu999 | | |

| No. | Defendant Marketplace URL | No. | Defendant Marketplace URL |
|---|---|---|---|
| 1 | dgccdz.en.alibaba.com | 2 | bolaishi.en.alibaba.com |
| 3 | apexcase.en.alibaba.com | 4 | aixiangzhe.en.alibaba.com |
| 5 | qialino.en.alibaba.com | 6 | jencent.en.alibaba.com |
| 7 | xinhonglicases.en.alibaba.com | 8 | aliexpress.com/store/808935 |
| 9 | ebay.com/usr/2012buy-from-us | 10 | ebay.com/usr/8cn6365 |
| 11 | ebay.com/usr/chellin2014 | 12 | ebay.com/usr/digitalzone88 |

| No. | Defendant Marketplace URL | No. | Defendant Marketplace URL |
|---|---|---|---|
| 13 | ebay.com/usr/gimipower | 14 | ebay.com/usr/goodluckybead |
| 15 | ebay.com/usr/greensummon_v | 16 | ebay.com/usr/greenworld2014 |
| 17 | ebay.com/usr/hotgadgetbay | 18 | ebay.com/usr/irene918 |
| 19 | ebay.com/usr/jiande25 | 20 | ebay.com/usr/kakyo2016 |
| 21 | ebay.com/usr/kingwholestore | 22 | ebay.com/usr/lbsphone |
| 23 | ebay.com/usr/lifeng2017z_8 | 24 | ebay.com/usr/loveyangna7758 |
| 25 | ebay.com/usr/lovezhao2013 | 26 | ebay.com/usr/lsyphone |
| 27 | ebay.com/usr/pearlstore2011 | 28 | ebay.com/usr/pricekiller_2k |
| 29 | ebay.com/usr/szsmmkj2016-lin | 30 | ebay.com/usr/tinxi-clothes |
| 31 | ebay.com/usr/tksmall | 32 | ebay.com/usr/us-dbb-top |
| 33 | ebay.com/usr/valuechoicemall2016 | 34 | ebay.com/usr/weidandan1208 |
| 35 | ebay.com/usr/woainitaitong | 36 | ebay.com/usr/xenogard |
| 37 | ebay.com/usr/xxxmall | 38 | ebay.com/usr/yanghuiming77582014 |
| 39 | ebay.com/usr/yhxgreg | 40 | ebay.com/usr/yjpsky |
| 41 | ebay.com/usr/yinhu999 | | |