UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OTTER PRODUCTS, LLC and TREEFROG DEVELOPMENTS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> DONGGUAN CHENGCHUN ELECTRONIC TECH CO., LTD., et al., <br><br> Defendant | Case No.: 17-cv-06009 <br><br> **Judge Thomas M. Durkin** <br><br> **Magistrate Judge Susan E. Cox** <br><br> Date: Sept. 6, 2017 <br> Time: 9:00 am <br> Courtroom: 1441 |

**SHENZHEN SAILVAN NETWORK TECHNOLOGY LTD.'S
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>**

**I. INTRODUCTION AND STATEMENT OF FACTS**

Plaintiffs filed their original Complaint on August 17, 2016, without naming any specific Defendants. On the next day, Plaintiffs filed a Motion for Temporary Restraining Order (Doc. #11), still without naming any specific Defendants, with most of the information that could be used to identify any Defendants filed under seal. Apparently, the information filed under seal contained eBay and PayPal accounts that correspond to purportedly infringing products of the Defendants.

It was not until on or around August 24, 2017 that eBay and Paypal account holder Shenzhen Sailvan Network Technology Ltd. (Sailvan) received a first email from Plaintiffs' attorneys, informing it of this case, after which Sailvan's IP counsel was informed on August 24. *See* the attached Declaration of Ivan Posey ("Posey Decl.") at ¶ 3. By that time, according to Plaintiffs' counsel, Plaintiffs seized more than $60,000 of Sailvan's Paypal funds for the zero (0) sales, apart from what Defendants believe were two (2) purchases by Plaintiff's counsel as

evidence for their Complaint. Posey Decl. ¶ 4, Exhibit 1. The accounts controlled by Sailvan named in the Complaint are "Digitalzone88" and "tinxi-clothes", and are used for commerce on many sales listings by Sailvan, apart from those to $1.68 sales likely to Plaintiffs. Posey Decl. ¶ 5.

Further, the Plaintiff-drafted Order signed by the Court requiring the immediate production of highly sensitive sales, business and bank account documents without any limitations as to time or relevance is overbroad, vexatious, and beyond any reasonable chance to lead to discoverable evidence. Sailvan has already removed the accused listings has not shipped any accused products apart from the two products sold at $1.68 each, apparently to Plaintiffs only. Posey Decl. ¶ 6.

## II. ARGUMENT

### A. Legal Standard

The federal courts have recognized that a preliminary injunction is "an extraordinary" remedy that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Frerck v. John Wiley & Sons, Inc.*, 850 F. Supp. 2d 889, 891 (N.D. Ill. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "A party seeking a preliminary injunction is required to demonstrate a likelihood of success on the merits, that it has no adequate remedy at law, and that it will suffer irreparable harm if the relief is not granted." *Promatek Industries, Ltd. v. Equitrac Corp.,* 300 F.3d 808, 811 (7th Cir. 2002). If the movant meets that standard, the court then also must consider whether the injunction would harm the enjoined party and/or the public. *Id.* In this instance, Plaintiffs' have not established any of these elements.

### B. There Is No Showing of Infringement by Sailvan.

Even though Sailvan has taken down the accused listings and does not contest the part of the preliminary injunction preventing use of the trademarks, the sparse Complaint, Amended

Complaint, and papers filed in support of Plaintiffs' Preliminary Injunction Motion have absolutely no showing of infringement. There are no pictures of products sold by Sailvan, no website links, no samples of products, no anything showing products sold by Sailvan bearing the trademarks cited in Plaintiffs' Complaint and Amended Complaint.

### C. The eBay Accounts Should Be Released, and Alternatively, Only Funds That Are Reasonably Related to the Amount of Sales Should Be Restricted.

The court should modify the injunction to limit the seizure to an amount corresponding to the products alleged to have been offered for sale, rather than the seizure of its entire PayPal accounts. Exhibit 1 from the Declaration of Ivan Posey is a sales dump received from Sailvan for the sales of the accused listings, showing the two sales at $1.68 each, meeting Sailvan's burden that the more than $60,000 frozen by Plaintiffs does not all represent "proceeds of counterfeiting activities." *Luxottica USA LLC v. The Partnerships, et al.*, No. 1:14–cv–09061, 2015 WL 3818622 (N.D.Ill. June 18, 2015) (citing *N. Face Apparel Corp. v. TC Fashions, Inc.*, No. 05 CIV. 9083(RMB), 2006 WL 838993, at *3 (S.D.N.Y. Mar. 30, 2006)).

The amount frozen should be reduced to an amount at least somewhat resembling the $2.36 of sales (likely made to Plaintiff in its investigation).

### D. The Portion of The Court's August 23, 2017 Order Drafted by Plaintiff's Counsel Requiring Unlimited Production of Business, Employee Personal, and Financial Documents Should Be Modified to Only Require Production Relevant Information.

Parties may obtain information regarding any relevant nonprivileged matter, subject to the limitations imposed under Federal Rule of Civil Procedure 26. *See U.S. ex rel. McCartor v. Rolls–Royce Corp.*, No. 1:08–cv–00133–WTL–DML, 2013 WL 5348536, at*2 (S.D.Ind. Sept. 24, 2013). Rule 26(b)(2)(C) empowers the Court to limit the extent of discovery if it is burdensome, or and expensive. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir.2002). Discovery may further be limited if the burden outweighs its likely benefit,

considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C). That is to say, courts have the flexibility and discretion "to assess the circumstances of the case and limit discovery accordingly to ensure that the scope and duration of discovery is reasonably proportional to the value of the requested information, the needs of the case, and the parties' resources." *Kleen Prods. LLC v. Packaging Corp. of Am.*, No. 10–C–5711, 2012 WL 4498465, at *9 (N.D.Ill. Sept. 28, 2012).

All that is at stake is in this case are a couple of eBay ads from which zero products were sold other than two likely purchased by Plaintiffs in their investigation. For Defendants to be required to provide, for example, employee's names and email addresses, unbounded financial account numbers, credit card numbers (supposedly for Sailvan's business and employees), is much too overbroad, and would likely violate federal and state privacy laws to comply with the Plaintiff-drafted August 23 Order if it remains in place.

The Order should be modified accordingly to limit the expedited discovery to sales and financial information relevant to the accused sales.

### III. CONCLUSION

For the reasons discussed above the court should deny Plaintiffs' Motion for a Preliminary Injunction, or Alternatively, the seizure of funds and discovery requests should be modified according to Sailvan's arguments herein.

Dated: September 5, 2017

        Respectfully submitted,

        LEECH TISHMAN FUSCALDO & LAMPL, LLC

        By:    /s/ Ray Hughes
                  Ray Hughes (IL 6311537)
                  2215 York Road, Suite 310
                  Oak Brook, Illinois 60532
                  (630) 536-2268
                  rhughes@leechtishman.com

        *Attorneys for Defendant Shenzhen Sailvan Network Technology Ltd.*

## CERTIFICATE OF SERVICE

    I hereby certify that on September 5, 2017, a copy of the foregoing was electronically filed with the Court and therefore served on the parties pursuant to Northern District of Illinois Local Rule 5.9.

                                /s/ Ray Hughes
                                Ray Hughes